LANGSTAFF & Co. *v.* STIX, KROUSE & Co.

STOPPAGE IN TRANSITU. *Constructive possession. Case in judgment.*
 S. shipped goods by a railroad company, to be delivered to R. at A. station. When the goods arrived at the station mentioned, R. went to the railroad company's agent there, paid the freight charges, receipted for the goods, and said that he would leave the goods with the agent until he could send for them. Thereupon L., a creditor of R., attached the goods. After the attachment had been levied the agent of the railroad company received notice from S., the shipper, not to deliver the goods to R. *Held*, that at the time of the receipt of such notice the goods were in the constructive possession of R., the depot agent holding them as agent for him, and not as agent of the carrier, and that it was too late for S. to exercise the right of stoppage *in transitu*.

APPEAL from the Circuit Court of Choctaw County.

HON. C. H. CAMPBELL, Judge.

On December 12, 1885, Stix, Krouse & Co. shipped to Reed & Reed a box of goods by a railroad company, to be delivered at

Ackerman, a station on the line of the Canton, Aberdeen and Nashville Railroad, in this State. On December 21, 1885, Langstaff & Co. levied an attachment on these goods in the hands of the agent of the railroad company at Ackerman.

Before this attachment had been levied the Reeds had applied to the agent for the goods, paid the freight due thereon, and receipted for the goods on the books of the company, at the same time remarking that they would leave the goods with the agent until their wagon came. After the Reeds had gone the agent opened his mail and found a letter from the agent of the Illinois Central Railroad Company at Odin, Ill., instructing him not to deliver the goods to Reed & Reed, as they were claimed by the shippers. This letter had been received (but not opened) early that ·morning and before the appearance of the Reeds. Stix, Krouse & Co. interposed their claim to the goods attached and obtained judgment for the same. The plaintiffs in attachment appealed.

*Sweatman, Trotter & Trotter,* for the appellants.

The question of the right of stoppage *in transitu* is undisputed. This right can be exercised at any time before delivery to the vendee or his agent. This agent, however, can be the warehouseman at the place of destination. And as to whether he is such agent depends upon the fact whether he is the agent to keep the goods for the buyer till called for, or whether he is the agent to forward them to the point of destination or until the charges on them are paid.

Mr. Benjamin in his work on sales puts it thus:

"The question, and the sole question, for determining whether the transitu is ended is: In what capacity are the goods held by him who has the custody? Is he the buyer's agent to keep the goods or the buyer's agent to forward them to the destination intended at the time the goods were put in transit?" Benj. on Sales, § 846 ; Am. Notes, Bennett.

"If the carrier by reason of an arrangement with the consignee or for any cause remains in possession, but holds the goods only as the agent of the consignee and subject to his order, this is the possession of the consignee." 1 Parsons on Contracts 604.

In the case now before the court the freight had been paid and the goods receipted for by the buyer, and he said to the agent that he would leave the goods there and take them out when his wagon came. What more could have been done to have made the warehouseman his agent or bailee than this?

If these facts do not constitute a delivery, it appears to us that the law of constructive delivery is abrogated altogether, and we have gone back to the long since exploded doctrines of Lord Kenyon that the goods must come to the corporal touch of the buyer before the transit is ended.

The case cited by counsel of *Morris* v. *Shryock et al.*, 50 Miss., has no application. In that case the vendees had never received the goods or paid the freight, but had absolutely declined to do so, and there having been no delivery the vendors had the right to stop the goods *in transitu.* In this case we hold that the delivery was complete and the right of stoppage of the vendor gone, and the goods being then in the hands of the vendees were subject to their debts. Story on Sales 411, note 1; 7 Pa. 304; 40 Iowa 627.

*J. W. Pinson*, for the appellees.

Vendor may stop goods at any time before delivery, and at any time before they reach their final destination and have come into the actual possession of the vendee. See 2 Kent 550; *Morris* v. *Shryock et al.*, 50 Miss. 593. The vendor's lien has a preference; it is the elder lien and cannot be superseded by execution or attachment. See 50 Miss. 600. and authorities cited.

The right of stoppage *in transitu* is regarded with favor, and the engrafting of further restrictions upon the rule governing it is not warranted by public policy. See Hilliard on Sales 209; Redfield on Carriers 421; Angell on Carriers 228; Story on Sales, § 333; 2 Kent 767.

The goods must come into the actual possession of the vendees. In this case they had not. The depot agent still had the goods in his possession, and before he could deliver them to Reed & Reed he had to unlock the door and roll them out of the depot.

ARNOLD, J., delivered the opinion of the court.

The right of stoppage *in transitu* is favored in law, and may be exercised at any time until the goods have come into the actual or constructive possession of the buyer, or, as otherwise expressed, the right may be exercised as long as the goods remain in the possession of the carrier, as carrier.

Where the right of stoppage exists it is paramount to the claim of judgment or attaching creditors of the vendee, and it cannot be divested by the goods being levied on under execution or attachment in favor of such creditors. *Morris* v. *Shryrock*, 50 Miss. 590.

No particular mode is prescribed by law for the assertion of the right, but to do so effectually it is essential that the vendor shall, before the goods are delivered to the vendee, give notice to the carrier or person in the immediate custody of the goods not to deliver them, and if a servant has the custody of the goods, and notice be given to his principal, it must be in time to enable him with reasonable diligence to prevent a delivery to the vendee. 2 Kent 544, n.; Benjamin on Sales, § 860.

These conclusions are not disputed here, but it is insisted by appellants that the right of stoppage was defeated by a constructive possession of the goods by the vendee before notice was given to the carrier or person in the immediate custody of the goods to stop them, and before the attachment was levied, and in this position the law is with the appellants.

It was said by the court in *Whitehead* v. *Anderson*, 9 Meeson & Welsby 517, that a constructive possession by the vendee which supersedes the right of stoppage exists " when the carrier enters expressly or by implication into a new agreement, distinct from the original contract for carriage, to hold the goods for the consignee, as his agent, not for the purpose of expediting them to the place of original destination, pursuant to that contract, but in a new character, for the purpose of custody, on his account and subject to some new or further order to be given to him."

We accept this as a true and approved interpretation of what is meant by constructive possession, in a contest between the vendor and vendee or attaching creditors of the vendee, when the right of

stoppage *in transitu* is involved. Benjamin on Sales, §§ 846, 849 ; 2 Kent 545 ; *Lickbarrow* v. *Mason,* 1 Smith's L. Cas. 1202, 1244, 1245.

The application of the principle to the facts of record here is fatal to appellee.

In the case before us, the goods were not in the possession of the carrier, as carrier, when they were attached. They had reached their destination by rail, and the liability of the carrier, as carrier, had been terminated by the acts of its agent and the vendees. The payment of the freight and the receipt for the goods by the vendees and leaving them in the railroad depot until they were sent for by the vendees, constituted the railroad company the agent of the vendees, not for the transportation, but for the custody of the goods. Benjamin on Sales, §§ 846, 849, 856 ; 2 Kent 545 ; *Lickbarrow* v. *Mason,* 1 Smith L. Cas. 1202, 1244, 1245.

*Reversed.*

